UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

CASE NO.:

MARCO VERCH,

           Plaintiff,

v.

DEL'S SUPER MARKET, INC,

           Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff MARCO VERCH by and through his undersigned counsel, brings this Complaint against Defendant DEL'S SUPER MARKET, INC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff MARCO VERCH ("Verch") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Verch's original copyrighted Work of authorship.

2. Verch is a photographer from Cologne, Germany. He has been working as a photographer for many years and enjoys taking pictures of scenery from his travels, sporting events, food, flowers, cars, drones and more. He also takes photos for advertisements and fundraising campaigns.

3. Defendant DEL'S SUPER MARKET, INC ("Del's Market") is a full service grocery store located in Napoleon, North Dakota. At all times relevant herein, Del's Market owned and operated the Facebook page at the URL https://www.facebook.com/DELSMARKET/ (the "Del's Market Facebook Page").

4.      Verch alleges that Del's Market copied his copyrighted Work from the internet in order to advertise, market and promote its business activities. Del's Market committed the violations alleged in connection with its grocery business.

## JURISDICTION AND VENUE

5.      This is an action arising under the Copyright Act, 17 U.S.C. §§ 501 and 1202.

6.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7.      Del's Market is subject to personal jurisdiction in North Dakota.

8.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Del's Market engaged in infringement in this district, Del's Market resides in this district, and Del's Market is subject to personal jurisdiction in this district.

## DEFENDANT

9.      Del's Super Market, Inc is a North Dakota Corporation, with its principal place of business at 319 Main Avenue, Napoleon, North Dakota, 58561, and can be served by serving its Registered Agent, Mike Mann, at Del's Supermarket at 319 Main Street, Napoleon, ND 58561.

## THE COPYRIGHTED WORK AT ISSUE

10.     In 2019, non-party Liliya Krivorychko created the photograph entitled "Concept-of-healthy-food--fresh-vegetables," which is shown below and referred to herein as the "Work".



11.     Liliya Krivorychko subsequently transferred all rights in the Work to Plaintiff Verch.

12.     Verch registered the Work with the Register of Copyrights on February 25, 2020 as part of a group registration. The Group Registration was assigned registration number VA 2-196-997. The Certificate of Registration is attached hereto as **Exhibit 1**.

13.     Verch published the Work on January 23, 2019, by displaying it on his CCNULL page at https://ccnull.de/foto/concept-of-healthy-food-fresh-vegetables/1008445 (the "CCNULL Page"). At the time he published the Work on the CCNULL Page and at all times thereafter, Verch offered usage rights to the public through the Creative Commons 2.0 License ("CC 2.0").

14.     For a party to be allowed to use a Creative Commons 2.0 License ("CC 2.0"), it is conditioned upon the prospective licensee of the Work attributing the Work to the original owner/claimant of the Work.

15.     In part, the CC 2.0 license states, "You must give appropriate credit, provide a link to the license and indicate if changes were made."[1]

16.     Verch's display of the Work on the CCNULL Page also included Copyright Management Information ("CMI") next to the Work in the form of Verch's name, copyright notice ©, a link to the licensing terms, and the link to the license certificate (collectively, the "Attributions").

17.     Verch's Work is protected by copyright but was not otherwise confidential, proprietary, or trade secrets. The Work in perspective, orientation, positioning, lighting, and other details is entirely original, distinctive, and unique. As such, the Work qualifies as subject matter protectable under the Copyright Act

18.     At all relevant times Verch was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEL'S MARKET

19.     Del's Market has never been licensed to use the Work for any purpose.

20.     On a date after the Work at issue in this action was created, but prior to the filing of this action, Del's Market copied the Work.

21.     On or about August 12, 2024, Verch discovered the unauthorized use of his Work on the Del's Market Facebook Page.

22.     Del's Market copied Verch's copyrighted Work without permission or authority.

23.     After Del's Market copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services offered at its grocery store.

---

[1] https://creativecommons.org/licenses/by/2.0/

24. Del's Market copied and distributed Verch's copyrighted Work in connection with its business for purposes of advertising and promoting Del's Market's business, and in the course and scope of advertising and selling products and services.

25. Del's Market committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

26. Verch never gave Del's Market permission or authority to copy, distribute or display the Work at issue in this case.

27. When Del's Market copied and displayed the Work at issue in this case, Del's Market failed to provide Attribution as required by the CC 2.0 License.

28. Del's Market's failure to attribute is a violation of 17 U.S.C. § 1202(b) as removal of CMI.

29. Verch never gave Del's Market permission or authority to remove CMI from the Work at issue in this case.

30. When Del's Market copied and distributed the Work, it added false CMI to the Work by placing "Del's Market" over the Work.

31. Verch never gave Del's Market permission or authority to add false CMI to the Work.

32. Verch notified Del's Market of the allegations set forth herein on January 30, 2025 and February 28, 2025. To date, the parties have failed to resolve this matter.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

33. Verch incorporates the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Verch owns a valid copyright in the Work at issue in this case.

35. Verch registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

36. Del's Market copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Verch's authorization in violation of 17 U.S.C. § 501.

37. Del's Market performed the acts alleged in the course and scope of its business activities.

38. Del's Market's acts were willful.

39. Verch has been damaged.

40. The harm caused to Verch has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT

41. Verch incorporates the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

42. Upon information and belief, a third party committed copyright infringement when they copied, displayed, and made derivatives of the Work for purposes of promoting the services and business of Del's Market.

43. Del's Market has a direct financial interest in the infringing material because it derives profits from the profile picture posted on the Facebook Page displaying the infringed Work.

44. Despite having the ability to stop the infringed Work from being displayed on the Facebook Page, Del's Market allowed the materials to remain up for display for purposes of generating sales of the infringed Work.

45. To the extent that the actions described above were performed by the third-party alone, Del's Market is vicariously liable for the unauthorized copying, display, distribution, and

creation of derivative works of the Work without Verch's authorization in violation of 17 U.S.C. § 501.

46. Verch has been damaged.

47. The harm caused to Verch has been irreparable.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

48. Verch incorporates the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

49. The Work contains copyright management information ("CMI") in the form of the Attributions on the CCNULL Page.

50. Del's Market knowingly and with the intent to enable, conceal, or facilitate copyright infringement, displayed the Work on the Del's Market Facebook Page without any of the Attributions in violation of 17 U.S.C. § 1202(b).

51. Del's Market distributed the Work to Facebook knowing that the CMI had been removed or altered without authority of the copyright owner or the law.

52. Del's Market committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Verch's rights in the Work.

53. Del's Market caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Verch's rights in the Work at issue in this action protected under the Copyright Act.

54. Verch has been damaged.

55. The harm caused to Verch has been irreparable.

7

## COUNT IV
## ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION

56. Verch incorporates the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

57. The Work at issue in this case contains false CMI.

58. Del's Market knowingly and with the intent to enable or facilitate copyright infringement, added CMI to the Work at issue in this action in violation of 17 U.S.C. § 1202(a) by placing its logo on to the Work, as shown below:



59. Del's Market distributed copies of the Work to third parties which included false CMI conveyed in connection with the Work.

60. Del's Market committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Verch's rights in the Work.

61. After applying the false CMI to the Work, Del's Market distributed the Work in violation of 17 U.S.C. § 1202(a).

62. Verch has been damaged.

63. The harm caused to Verch has been irreparable.

WHEREFORE, the Plaintiff MARCO VERCH prays for judgment against the Defendant DEL'S SUPER MARKET, INC that:

    a. Del's Market and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

    b. Del's Market be required to pay Verch his actual damages and Defendant's profits attributable to the infringement, or, at Verch's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

    c. Verch be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

    d. Verch be awarded pre- and post-judgment interest; and

    e. Verch be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Verch hereby demands a trial by jury of all issues so triable.

Dated: August 11, 2025            Respectfully submitted,

                              /s/*Nathan M. Hansen*
                              NATHAN M. HANSEN
                              Attorney at Law
                              P.O. Box 575
                              Willernie, MN 55090
                              nathan@hansenlawoffice.com
                              651.704.9600 - Telephone

                              *Counsel for Plaintiff Marco Verch*